United States District Court
Southern District of Texas
FILED

FEB 2 1 2002

Michael N. Milby
Clerk of Court

CAUSE NO. _____

| | | |
|---|---|---|
| GERALD R. SWANSON | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | NUMBER _____ |
| | § | |
| GREAT AMERICAN LIFE INSURANCE | § | CAMERON COUNTY, TEXAS |
| COMPANY, SENIOR SECURITY ESTATE | § | |
| PLANS, INC., AND THEODORE JOHN | § | B-02-.052 |
| GIANNONI | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Gerald R. Swanson, hereinafter referred to as Plaintiff and files this Original Petition complaining of Great American Life Insurance Company (hereinafter referred to as "Great American"), Senior Security Estate Plans, Inc. (hereinafter referred to as "SSEP") and Theodore John Giannoni (hereinafter referred to as "Giannoni") Defendants herein, and for cause of action would respectfully show unto the Court the following:

### I.

Discovery is this cause is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure, as the suit seeks monetary relief aggregating $50,000.00 or more.

### II.

### PARTIES

Plaintiff, Gerald R. Swanson, is a 71 year old senior citizen who resides in Cameron County, Texas.

Defendant, Great American is a foreign corporation licensed in the State of Texas to sell insurance and who may be served by serving its registered agent CT Corporation at 350 North St. Paul St. Dallas, Texas 75201.

Defendant, SSEP is a foreign corporation transaction business in the State of Texas selling

"Estate Plans" and who may be served by serving the Texas Secretary of State, Austin, Texas.

Defendant, Giannoni is a individual licensed to sell insurance by the State of Texas and who may be served at P.O. Box 2357 South Padre Island, Texas 78597 or 4445 E. Holmes Ave., Suite 106 Mesa, Az. 85206.

## III.

## VENUE

Venue is appropriate in Cameron County, Texas pursuant to §15.002 of the Texas Civil Practice & Remedies Code because all or a substantial part of the events and omissions giving rise to the claim occurred in Cameron County, Texas.

## IV.

## FACTS

Defendant Giannoni markets "Estate Plans" and life insurance annuities to senior citizens at retirement communities and senior citizen mobile home parks in the South Texas area. Defendant Giannoni markets these "Estate Plans" through a company called Senior Security Estate Plans, Inc. which claims a corporate headquarters in Mesa Arizona. Defendant Giannoni is a licensed insurance agent with the Texas Department of Insurance and he represents several life insurance lines to senior citizens, including annuities provided by Great American Life Insurance Company of Cincinnati Ohio. In 1999 Defendant Giannoni held a "seminar" at a senior citizens mobile home park in Cameron County Texas on the necessity of seniors placing all their assets into Living Wills. Giannoni convinced Plaintiff that he should place all his assets into a living will. Giannoni also convinced Plaintiff that he should move all his individual IRA mutual fund accounts into annuities sold by Giannoni. Defendant Giannoni met with Plaintiff on or about January 31, 2000 after

-2-

learning that Plaintiff was going on a month long vacation to Europe. Defendant Giannoni told Plaintiff that the annuities were a good way to protect his family and that they were a good investment that would not lose money and that they offered Plaintiff tax benefits. Defendant Giannoni intentionally and knowingly omitted the material fact that the annuities carried an unusual, unconscionable and non industry standard surrender charge of 15% pro rated over 15 years, even for a person of Plaintiff's age. This material omission was relied upon by Plaintiff and caused him substantial damages and losses when in 2001, Plaintiff surrendered the annuities after discovering the wrongful conduct of Defendant Giannoni. On February 24, 2000 Defendant Great American issued contract number 1180040835, a Joint Nonparticipating - No Dividends Non Tax Qualified Contract in the amount of $156,913.60. On February 28, 2000 Defendant Great American issued contract number 1180040522, an Individual Deferred Nonparticipating - No Dividends Tax Qualified Contract in the amount of $225,562.68. Both contracts were issued to 69 year old Plaintiff with a fifteen percent surrender charge decreasing at one percent per year for 15 years. Plaintiff did not discover the misrepresentation or omission relative to each contract until after his return to the United States in April 2000.

      Defendant Giannoni is an agent of principal Senior Security Estate Plans, Inc. Defendant Giannoni is a licensed and registered insurance agent for Defendant Great American. Defendant Giannoni made the misrepresentations or omissions with the actual, implied, or apparent authority to make the representations by Defendants SSEP and Great American and all Defendants intentionally and knowingly profited from the misrepresentations or omissions. In 2001, Plaintiff decided to surrender the annuities, at which time Defendant Great American withheld approximately $49,689.68 from Plaintiff's retirement funds, thereby injuring Plaintiff in that amount, exclusive of pre-judgment and post-judgment interest, treble damage remedies and attorney's fees. Plaintiff has

sent notice of his claims to each Defendant pursuant to the notice provisions of the DTPA and Insurance Code § 21.21 *et. seq.*

## V.

## DAMAGES

Plaintiff was damaged when Defendant Great American intentionally and knowingly withheld approximately $49,689.68 from Plaintiff's retirement funds, thereby injuring Plaintiff in that amount, exclusive of pre-judgment and post-judgment interest. Plaintiff brings this action pursuant to DTPA §§ 17.50(b) and 17.50(h) which provide for treble damage remedies . Plaintiff also seeks attorney's fees pursuant to the Texas DTPA provisions.

## VI.

## DECEPTIVE TRADE PRACTICES VIOLATION

Plaintiff is a consumer as defined pursuant to the Texas Deceptive Trade Practices Act. Defendants violated the DTPA by failure to disclose information concerning goods or services known at the time of the transaction and this failure was used to induce the Plaintiff/Consumer into a transaction he otherwise would not have entered had the information been disclosed. This information was known by the seller at the time of the transaction and the intentional and knowing withholding of the information was intended to induce the Plaintiff/Consumer into the transaction, and the information is such that had the Plaintiff/Consumer known it at the time of the transaction, the Plaintiff/Consumer would not have transferred his life savings into these inappropriate annuities. This information, which was intentionally and knowingly not disclosed by the seller was important to the Plaintiff/Consumer, and the seller intended to induce the consumer to make the purchase by such omission. Notice has been given to the Defendants pursuant to the DTPA notice provisions.

## VII.

## **INSURANCE CODE VIOLATION**

Plaintiff is a consumer as defined pursuant to the Texas Deceptive Trade Practices Act. Plaintiff was sold two life insurance annuities by Defendants. Defendants intentionally and knowingly made material misrepresentation or omissions of material fact in the sale of these insurance policies in violation of the Texas Insurance Code § 21.21 et. seq. Notice has been given to the Defendants pursuant to the Insurance Code notice provision, § 21.21 (16).

## VIII.

## **FRAUD**

Defendants intentionally and knowingly made a material misrepresentation or material omission of fact about the surrender charges that would apply to the insurance product sold to Plaintiff with the intention that Plaintiff would buy the insurance product. Plaintiff did rely on these misrepresentations or omissions and Plaintiff was injured when Defendant Great American unconscionably withheld almost $50,000 for unwarranted and inappropriate surrender charges.

## IX.

## **UNJUST ENRICHMENT**

Defendants have been unjustly enriched by and through their fraud, misrepresentations or omissions by unjustly retaining money that in equity and good conscience belongs to the Plaintiff, and therefore, Plaintiff seeks recovery for his damages from Defendants under the theory of unjust enrichment.

Proper notice and demand was presented to Defendant pursuant to §38.001 and §38.002 of the Texas Civil Practice & Remedies Code.

## X.

## ATTORNEYS' FEES

In the event Plaintiff is forced to hire attorneys and pay them a reasonable fee for their services based upon reasonable and necessary services performed and the reasonable value thereof at the time and place incurred, Plaintiff seeks the recovery of his attorneys' fees.

## XI.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff is also suing for pre-judgment and post-judgment interest in all amounts awarded to him as allowed by law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following:

1. Defendants be cited to appear and answer herein;

2. Plaintiff be awarded actual damages against Defendants, jointly and severally, in the amount to which Plaintiff will prove himself justly entitled;

3. Plaintiff be awarded treble damages for economic loss and mental anguish;

4. An award of attorneys' fees, court costs and pre-judgment and post-judgment interest; and

5. Such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

*/s/ Gerald R. Swanson*
Gerald R. Swanson
5401 W. BUS.83 #1723
Harlingen, Texas 78552
(956) 364-1603
**PLAINTIFF PRO SE**